UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS STALCUP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 13-11967-LTS |
| DEPARTMENT OF DEFENSE, | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON REPORT AND RECOMMENDATION (DOC. NO. 274)

September 30, 2021

In 2010 and 2011, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, pro se plaintiff Thomas Stalcup filed three requests for records related to the July 17, 1996 crash of TWA Flight 800 and missile activity by the government around the time of the crash from the Missile Defense Agency ("MDA"), the Office of the Secretary of Defense ("OSD"), and the Joint Staff ("JS"), all entities within the Department of Defense ("DOD"). The parties engaged in substantial litigation before this Court, charted in the Report and Recommendation in detail, Doc. No. 274, and not repeated here.

The parties now cross-move for summary judgment. Doc. Nos. 255, 260.[1] On September 14, 2021, Judge Cabell issued a Report and Recommendation resolving the cross-motions for the three FOIA requests as follows:

(1) MDA: Judge Cabell recommends issuing summary judgment in favor of DOD and against Stalcup because DOD "has searched the areas where responsive documents are

---

[1] As described previously, the Court treats DOD's opposition, Doc. No. 260, to Stalcup's motion for summary judgment, Doc. No. 255, as both an opposition and cross-motion. Doc. No. 273.

    likely to be found," and "record systems in other directorates are unlikely to contain responsive information."  Doc. No. 274 at 16.

(2) OSD: Judge Cabell recommends issuing summary judgment in favor of Stalcup and against DOD because DOD does not sufficiently explain "which series correlate to what functions" nor "why the actual test plans would only be located in the 2000 series" preventing the Court from concluding that a search reasonably calculated to locate responsive records was conducted or that further search would be burdensome.  Id. at 27.

(3) JS: Judge Cabell recommends issuing summary judgment in favor of DOD and against Stalcup because DOD sufficiently explains where "responsive records could be located" and searched beyond the J-7 Directorate.  Id. at 32.

    Both parties made timely objections to the Report and Recommendation. Doc. Nos. 284, 286.  The Court has carefully reviewed the cross-motions, Doc. Nos. 255, 260, the Report and Recommendation, Doc. No. 274, and the objections thereto, Doc. Nos. 284, 286.  Upon de novo review, the Court hereby APPROVES and ADOPTS Judge Cabell's comprehensive Report and Recommendation, and for the reasons stated therein, ALLOWS in part and DENIES in part DOD's motion for summary judgment, Doc. No. 260, and ALLOWS in part and DENIES in part Stalcup's motion for summary judgment. Doc. No. 255.

I.    DISCUSSION

    The Court first considers Stalcup's objection to the resolution of the motions generally and then as it relates to the JS and MDA FOIA requests.  Finally, the Court addresses DOD's objection to the recommendation of the OSD FOIA request.

A.  Stalcup's Objection: Discovery

To begin, Stalcup objects to the Report and Recommendation by arguing that resolving the cross-motions for summary judgment at this stage is premature because discovery is ongoing with "subpoenas . . . still pending." Doc. No. 286 at 7-8.  Stalcup, however, has not met his burden under Fed. R. Civ. P. 56(d) by submitting an affidavit or declaration alleging that essential facts are unavailable to him thereby demonstrating a need to delay resolution of the motions.  Without such an affidavit or declaration, Stalcup has not procedurally met his burden, nor has he substantively because he has not shown why he is unable to respond without the additional discovery.[2]  Accordingly, the Court OVERRULES his objection as it relates to the ongoing discovery.

B.  Stalcup's Objection: JS

As it relates to the FOIA request for JS, Judge Cabell found that DOD "made a good faith effort to search for the requested documents," Doc. No. 274 at 32, and Stalcup has not objected to this recommendation.  Accordingly, the Court ADOPTS the Report and Recommendation for the JS FOIA request, ALLOWS DOD's motion for summary judgment, and DENIES Stalcup's cross-motion.

---

[2] Stalcup does describe that discovery from external entities will provide him with "firm evidence" to support his argument that additional areas within MDA should be searched.  Doc. No. 286 at 7.  That said, he does not expressly assert that he is unable to respond without this evidence and instead relies on Judge Cabell's conclusion that his argument is not supported by firm evidence to justify needing the additional discovery, id., as well as the idea that resolving discovery would be simpler than resolving the motions.  Doc. No. 264 at 8-9.  Stalcup also has not shown why he needs further discovery of unspecified, as opposed to particular and identified, records to respond, aside from the FBI tapes.

C. Stalcup's Objection: MDA

Turning to the FOIA request for MDA, Judge Cabell determined that DOD made a "good faith effort to conduct a reasonably calculated search." Doc. No. 274 at 20. The principal issue before a court facing summary judgment motions in the FOIA context is whether the agency has shown that it has "'made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested.'" Oleskey ex rel. Boumediene v. U.S. Dep't of Def., 658 F. Supp. 2d 288, 294 (D. Mass. 2009) (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). This showing may be made by affidavits, "provided they are relatively detailed and nonconclusory, and are submitted by responsible agency officials in good faith." Maynard v. C.I.A., 986 F.2d 547, 559 (1st Cir. 1993). An adequate affidavit will "describe in reasonable detail the scope and method by which the search was conducted" and "describe at least generally the structure of the agency's file system which makes further search difficult." Id. The affidavits, further, may "set[] forth the search terms and the type of search performed, and aver[] that all files likely to contain responsive materials . . . were searched." Oleskey, 658 F. Supp. 2d at 294 (quoting Iturralde v. Comptroller of Currency, 315 F.3d 311, 313-314 (D.C. Cir. 2003)).

If the agency makes a sufficient showing, "a rebuttable presumption that the agency acted in good faith emerges." Stalcup v. C.I.A., 768 F.3d 65, 74 (1st Cir. 2014). A requester can rebut that presumption and avoid summary judgment only "by showing that the agency's search was not made in good faith." Maynard, 986 F.2d at 560. If the agency does not supply sufficient evidentiary support for its search, then the requester may avoid summary judgment "merely by showing that the agency might have discovered a responsive document had the agency conducted a reasonable search." Id. It is important to note, however, that in assessing the

4

adequacy of a search, "[t]he crucial issue is not whether relevant documents might exist, but whether the agency's search was 'reasonably calculated to discover the requested documents.'" Id. at 559 (quoting Safecard Servs., Inc. v. S.E.C., 926 F.2d 1197, 1201 (D.C. Cir. 1991)).

Stalcup objects to the Report and Recommendation regarding the MDA FOIA request on two grounds: (1) DOD has a legal obligation to produce responsive agency records at external entities such as FBI, Lockheed Martin, Raytheon, and Institute for Defense Analysis, to name a few; and (2) the search to locate Aegis test records was not reasonably calculated. Doc. No. 286 at 3-5; Doc. No. 256 at 16-17.

Addressing the first objection, Stalcup argues that "all responsive 'agency records' must be produced, wherever they reside" to support his assertion that DOD must produce responsive documents in the hands of external entities. See Burka v. U.S. Dep't of Health & Hum. Servs., 87 F.3d 508, 515 (D.C. Cir. 1996) (describing that "[t]o qualify as an agency record subject to FOIA . . . 'the agency must either create or obtain the requested materials,' and 'the agency must be in control of [them] at the time the FOIA request is made.'").

DOD has, however, sufficiently conducted a search "reasonably calculated to discover the requested documents" and need not further search external entities in this case.[3] Maynard, 986 F.2d at 559. The combination of Herrington's sixth and seventh declarations explains how MDA maintains records, where responsive documents are likely to be found and not found, and the exact searches conducted. Doc. Nos. 209-1, 260-4. In particular, the seventh declaration

---

[3] Even if Judge Cabell's Report and Recommendation could be understood to say that an agency has no legal obligation to locate agency records that are not in their possession at the time of the FOIA request, regardless of the agency's control over the records, which is incorrect under Kissinger v. Reps. Comm. for Freedom of the Press, 445 U.S. 136, 151 (1980), Stalcup nonetheless has not met his burden. DOD has. Accordingly, the Court finds that DOD conducted a search reasonably calculated to locate responsive records in MDA.

5

expressly asserts that the Missile Defense Data Center ("MDDC") is the "single authoritative location for all missile test records," Doc. No. 260-4 at 3, and the sixth declaration elaborates that both MDDC's unclassified and classified portals maintained by the Test Directorate were searched.  Doc. No. 209-1 at 2.  MDA also searched test records from its predecessor, the Ballistic Missile Defense Organization ("BMDO"), within the Test Directorate, among other areas.  Id.  Moreover, the sixth declaration provides additional context by listing the MDA record systems that were not searched, describing their functions, and explaining that they were not in existence in 1996-1997.  Id. at 3.  Altogether, this evidence leads the Court to conclude that DOD made a sufficient showing regarding its search of MDA thereby creating "a rebuttable presumption that the agency acted in good faith."  Stalcup, 768 F.3d at 74.

Although Stalcup asserts that DOD should obtain responsive agency records that are allegedly in the possession of external entities, he has only shown that those entities might have responsive records.[4]  Doc. No. 256 at 16-17.  But even if Stalcup had "firm evidence" of such records existing outside DOD, the seventh declaration avers that "MDDC is the single authoritative location for all missile test records, including Aegis test records."  Doc. No. 260-4 at 3.  This assertion leads the Court to the reasonable conclusion that even if external entities also have responsive records, those records would seem to already be within the MDDC repository identified by DOD as the source of all missile test records.[5]

---

[4] As to the radar tapes that Stalcup alleges are in the possession of the FBI, those were confiscated soon after the TWA 800 crashed, Doc. No. 256 at 7, years before Stalcup made his FOIA request and at which time the tapes were presumably not in DOD's possession or control. See Kissinger, 445 U.S. at 151.

[5] Stalcup argues in response that the MDDC would not contain responsive records because it only has records of tests that MDA's predecessor BMDO conducted, and BMDO allegedly did not "conduct" the 1996 test at issue.  Doc. No. 256 at 14.  This argument suffers from both procedural and substantive flaws.  Procedurally, Stalcup's statements are made in the form of argument, id.; Doc. No. 264-1 at 2, not affidavits or declarations necessary to be considered

As to the second objection to the Report and Recommendation for the MDA FOIA request, Stalcup begins by arguing that the search for Aegis test records in the Test Directorate only covered contemporary records, Doc. No. 286 at 5, but this argument is without merit. The seventh declaration describes that the search terms included the year "1996," and DOD asserts that the MDDC is the "single authoritative location for all missile test records." Doc. No. 260-4 at 2-3.

Next, Stalcup contends that DOD did not conduct a reasonable search calculated to find Aegis test records. He first describes that Judge Cabell made an error of fact in concluding that DOD "'conducted a search of records . . . within the Sea-Based Weapon Systems directorate.'" Doc. No. 286 at 5. Stalcup is correct. DOD states that it conducted a new search "ensuring consideration be given to [Stalcup's] inquiries regarding the Aegis Weapons system" within the MDDC located in the Test Directorate. Doc. No. 260-4 at 2. Per the Court's understanding, these two Directorates are distinct from each other. Doc. No. 260-7. As a result, Judge Cabell's statement is incorrect insofar as it concludes that DOD searched the separate Sea-Based Weapon Systems Directorate.

Nonetheless, the Court must OVERRULE Stalcup's objection here because "the search was conducted within MDDC and included all missile test records, including Aegis test records." Doc. No. 274 at 19. Stalcup has not provided sufficient evidence[6] for the Court to reach the conclusion that MDDC is not an authoritative source for all missile test records, as averred by

---

evidence in support of a motion for summary judgment. Fed. R. Civ. P. 56(c). Even if the Court liberally construed Stalcup's statements as evidence given his pro se status, these statements are not admissible evidence because they do not stem from Stalcup's personal knowledge. Id. Substantively, assuming *arguendo* that his statements are admissible evidence, they are insufficient to meet Stalcup's burden of demonstrating that DOD's "search was not made in good faith." Maynard, 986 F.2d at 560. Nor does Stalcup allege that to be the case.
[6] See n.5.

DOD in sworn declarations, and so the search was "reasonably calculated to discover" the Aegis test records.  See Maynard, 986 F.2d at 560.

DOD has made a sufficient showing of an MDA search reasonably calculated to locate responsive records by detailing (1) "the scope and method by which the search was conducted," (2) "the structure of [MDA's] file system," (3) "the search terms and the type of search performed," and (4) averring that "all files likely to contain responsive materials . . . were searched."  Oleskey, 658 F. Supp. 2d at 294.  Accordingly, a rebuttable presumption that DOD "acted in good faith emerges," and Stalcup has not overcome this presumption.  Stalcup, 768 F.3d at 74.  Therefore, the Court ADOPTS the Report and Recommendation as it relates to the MDA FOIA request, ALLOWS DOD's motion for summary judgment, and DENIES Stalcup's motion.

D.  DOD's Objection: OSD

Turning now to DOD's objection as it relates to the OSD FOIA request, Judge Cabell was unable to conclude that DOD met its burden to conduct a good faith search.  Doc. No. 274 at 28.  In particular, OSD's search of Series 2000 uncovered records related to the Test and Evaluation Master Plans but not the actual test plans themselves, and DOD's explanation as to why the actual plans were not located there amounted to a non-answer.  Doc. No. 260-4 at 5.  As a result, Judge Cabell found that without "more specific information explaining where the actual test plans would have been kept" as well as "why the actual test plans would only be located in the 2000 series" accompanied by an explanation of OSD's file systems, he was unable to conclude that DOD conducted a search reasonably calculated to locate responsive records or that further searches would be burdensome.  Doc. No. 274 at 28.

DOD cries foul, directing the Court to Herrington's sixth declaration which contains an explanation of the contents of the Series 2000, specifically section 2003-01:

> Plans and Assessments File. These files consist of Test and Evaluation Master Plans (TEMP), including approval and disapproval correspondence; test plans consisting of approval and/or disapproval correspondence and test concept briefings; test and evaluation reports, including interim reports, Quicklooks and status reports; development testing and 4 evaluation (DT&E) plans and reports (accumulated only as required); DOT&E assessments submitted to House and Senate committees, the SecDef, USD(AT&L), and the Military Services consisting of Beyond Low-rate Initial Production (BL-RIP) reports and annual reports which synopsize current programs; and operational and live fire test data utilized in support of DOT&E analyses and assessments.

Doc. No. 209-1 at 9.  Based off of this description, DOD concludes that the Series 2000 is "the only Series reasonably likely to contain documents covering test plans."  Doc. No. 284 at 4. This express assertion, however, only appears in argument, not sworn affidavits or declarations, and as a result cannot be considered evidence in resolving a motion for summary judgment.

Drawing all reasonable inferences in favor of Stalcup as the Court must in assessing DOD's motion for summary judgment, the Court OVERRULES DOD's objection and determines that the OSD search was not reasonably calculated to locate responsive records. Maynard, 986 F.2d at 560.  The declarations do not contain a description of the file system, such as by explaining "which series correlate to what functions within OSD, and why searching those other series would be overly burdensome or unlikely to locate responsive records."[7]  Doc. No. 274 at 27.  Without more, such as descriptions of the various numbered series assuming there are additional ones or a sworn declaration, similar to that provided for MDDC, averring that Series 2000 is the only place where the actual test plans would be found or is the single authoritative

---

[7] DOD provides explanations of the functions of Series 1300, 1400, and 2000, Doc. No. 260-4 at 5-6, but assuming there are additional numbered series, further explanation is needed to determine whether a search reasonably calculated to locate responsive records was conducted or that further searches would be burdensome.

9

location for them, the Court is unable to conclude that DOD has met its burden to demonstrate that it conducted a search "reasonably calculated to discover the requested documents" or that further searches would be burdensome. See Maynard, 986 F.2d at 560. Accordingly, the Court ADOPTS the Report and Recommendation, ALLOWS Stalcup's motion for summary judgment, and DENIES DOD's motion for the OSD FOIA request.

II.     CONCLUSION

For the foregoing reasons, the Court APPROVES and ADOPTS Judge Cabell's Report and Recommendation, Doc. No. 274, ALLOWS in part and DENIES in part DOD's motion for summary judgment, Doc. No. 260., and ALLOWS in part and DENIES in part Stalcup's motion for summary judgment. Doc. No. 255. Moreover, the motion for hearing, Doc. No. 270, is DENIED. The parties shall submit a joint status report within fourteen days stating joint or separate positions as to how the remaining issue of the OSD FOIA request should be resolved.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge